NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| STANLEY HICKMAN, | : | |
| | : | Civil No. 11-5499 (JBS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DONNA ZICKEFOOSE, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

**STANLEY HICKMAN,** Petitioner pro se
14917-056
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**SIMANDLE,** Chief Judge:

Petitioner Stanley Hickman ("Petitioner"), a prisoner incarcerated at FCI Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his detention in the custody of the Bureau of Prisons ("BOP").  For the reasons set forth below, the Court will summarily dismiss the Petition.

## I. BACKGROUND

This Court takes judicial notice of the docket and prior federal judicial opinions regarding Petitioner.  See Hickman v. Terrell, 2010 WL 3035989 (E.D.N.Y. August 03, 2010); Hickman v.

U.S., 2006 WL 20489 (S.D.N.Y. January 04, 2006); U.S. v. Hickman, 2011 WL 284169 (E.D.N.C. January 25, 2011).

On August 5, 1994, Petitioner was convicted in the United States District Court for the Eastern District of North Carolina on charges of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846, Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841, and Use of a Communication Facility in Aid of Racketeering in violation of 18 U.S.C. § 1952.  On October 31, 1994, he was sentenced to a term of life imprisonment for Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base and a term of life imprisonment for Possession with Intent to Distribute Cocaine Base.  He was also sentenced to a five-year term of imprisonment for Use of a Communication Facility in Aid of Racketeering.  All three sentences were to be served concurrently.  At the time, Petitioner was already in state custody serving a ten-year sentence for a prior conviction of cocaine trafficking.

On March 6, 2001, after serving more than six years of his state sentence, Petitioner was re-sentenced in federal court.  His sentence was reduced because the court determined that his offense level was 38, with a sentencing range of 292-365 months imprisonment.  In the court's order, the judge granted Petitioner credit for the time served for his 1991 state sentence.  As a

result, he was re-sentenced to 292 months minus 37 months already served in state custody.  In addition, the court ordered that Petitioner be given credit for the "time served between the date of the federal sentence (October 31, 1994) until the date of his release from the Bureau of Prisons (June 14, 1996)."  Therefore, the judge sentenced Petitioner to 255 months (292 months minus 37 months) beginning on October 31, 1994.

On March 8, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 before the United States District Court for the Eastern District of New York. Hickman v. Terrell, 2010 WL 3035989 (E.D.N.Y. August 03, 2010). He raised identical arguments as those which he raises here: that his sentence should be reduced by 18 months, from 255 months to 237 months, for the time he spent in state custody between the date his original federal sentence was imposed and the date he was transferred from state custody into federal custody.

The court denied the petition stating:

[Petitioner] has incorrectly calculated his sentence. Petitioner believes that he has not been credited for the 18-month period of time that he served from October 31, 1994 through June 14, 1996 during which he was awaiting a transfer to federal custody. But he has been credited. Exhibit D2, petitioner's sentence monitoring computation form that was submitted along with his petition demonstrates this. The document states that petitioner was sentenced to a term of 255-months starting on October 31, 1994. Therefore, petitioner is being credited for the 18-month period of time he served from October 31, 1994 to June 14, 1996. This is why the BOP denied his appeal to reduce his sentence. It is also the reason why this Court can provide no further relief. Since petitioner has

3

already obtained the 18-month credit toward his sentence it cannot be granted again. <u>See</u> <u>United States v. Koontz</u>, No. 01-CR-41, 2006 WL 1510143, at *1 (N.D.N.Y. May 31, 2006) (petitioner not entitled to credit on his federal sentence because he already received credit for time served in state custody).

<u>Id.</u> at *2.

Petitioner also filed a "Motion in Nunc Pro Tunc for Review of Sentence" before the District Court for the Eastern District of North Carolina based on the same facts. <u>U.S. v. Hickman</u>, 2011 WL 284169, at * 1 (E.D.N.C. January 25, 2011).  On January 25, 2011, the court denied the petition for lack of jurisdiction, since Petitioner was already incarcerated at Fort Dix, and also stated that:

Additionally, the Court construes Defendant's Motion as a successive habeas petition. "A claim presented in a second or successive habeas corpus application ... that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Similarly, the abuse of the writ doctrine mandates dismissal of claims presented in habeas petitions if the claims were raised, or could have been raised in an earlier petition. <u>McCleskey v. Zant</u>, 499 U.S. 467, 489 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 585 (4th Cir.1994).

Here, the issues raised in the instant motion are identical to the issues raised by Defendant in his previous motion before this Court and in his habeas petition filed in the Eastern District of New York, both of which were dismissed.

The Court finds the Defendant is abusing the writ. The Court will not consider any more motions from Defendant attacking his sentence.

<u>Id.</u>

Petitioner filed the instant petition on September 22, 2011. (Docket Entry No. 1.)  Petitioner raises the same arguments that he has previously raised before the New York and North Carolina district courts.

## II. DISCUSSION

Section 2244(b)(a) of Title 28 of the United States Code provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a).  The Third Circuit has held that, since § 2244(a) by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, that section bars successive § 2241 petitions directed to the same issues in regard to execution of a sentence. See Queen v. Miner, 530 F. 3d 253 (3d Cir. 2008); accord Valona v. United States, 138 F. 3d 693, 695 (7th Cir. 1998).  Moreover, since the "abuse of the writ" doctrine addressed in McCleskey v. Zant, 499 U.S. 467, 494-495 (1991), governs sequential § 2241 filings, see Zayas v. Immigration & Naturalization Service, 311 F. 3d 247, 256-58 (3d Cir. 2002), "a [§ 2241] petitioner may not

5

raise new claims that could have been resolved in a previous [§ 2241] action." <u>Queen</u>, 530 F. 3d at 255.[1]

In this case, the instant § 2241 Petition presents claims that were dismissed on the merits by the district courts of New York and North Carolina, and then affirmed by the Fourth Circuit Court of Appeals.  Since courts of the United States have determined that Petitioner's detention is legal in prior § 2241 proceedings, § 2244(a) bars this Court from entertaining Petitioner's challenge under § 2241.

This Court does not discern any new claims raised in the instant Petition, but to the extent that the instant Petition raises new claims, those claims are barred by the abuse of the writ doctrine because Petitioner could have raised them in the prior petitions and Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice would result from a failure to entertain his claim.  <u>See</u> <u>Boardley v. Grondolsky</u>, 2009 WL 2757176 at *2 (3d Cir. Sept. 1, 2009); <u>Zayas</u>, 311 F. 3d at 257-258; <u>United States v. Roberson</u>, 194 F. 3d 408, 410 (3d Cir. 1999).  Under these circumstances, the Court will dismiss the

---

[1] Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ," unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338 (1992).

instant § 2241 Petition as barred by § 2244(a) and the abuse of the writ doctrine.

This Court, however, cannot rule out the possibility that Petitioner might be able to establish cause and prejudice or that a fundamental miscarriage of justice would result from a failure to entertain his claim, and that Petitioner might wish to attempt to establish same. This Court will accordingly grant Petitioner 30 days to file a written statement which sets forth a basis for a showing of cause and prejudice or that a fundamental miscarriage of justice would result from a failure to entertain Petitioner's claim. This Court will administratively terminate the case for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and re-open the file to consider Petitioner's arguments in the event that he raises them within this period.

## III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus.

        **s/ Jerome B. Simandle**
        JEROME B. SIMANDLE
        United States District Judge

Dated:    **March 28, 2012**

7